CRIPPLE CREEK COAL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30279. Promulgated December 7, 1931.

*Robert Ash, Esq.*, for the petitioner.
*J. A. Adams, Esq.*, for the respondent.

1100

OPINION.

MATTHEWS: We are of the opinion that the action of the respondent in refusing to allow the deduction as an ordinary and necessary business expense of the amounts paid by petitioner to the Transit Company in the years in question is correct. The facts in this proceeding show that the petitioner had borrowed money from the Transit Company, and in order to repay such amount had assigned to the Transit Company its right to reimbursement from the Railroad under Paragraph XI of the contract of October 4, 1917, between the petitioner and the Railroad. Due to the fact that the Railroad later made a demand for an additional amount of $52,955.16, the difference between the actual and the estimated cost of the construction of the track, and refused to reimburse the petitioner for the

amount already advanced by the petitioner until this amount was paid by a credit of $3 on all commercial coal shipped, the loan could not be repaid in the manner provided for between the petitioner and the Transit Company in the assignment of February 21, 1919. As a result of the Transit Company being unwilling to wait to be repaid until after the Railroad had received the $52,955.16 in the manner provided for, the petitioner and the Transit Company entered into the contract of August 1, 1921, which is set forth in our findings of fact. It is doubtless true that the petitioner entered into this contract in order to keep the business of the Transit Company, which was necessary if the petitioner was to continue to operate its mine. Nevertheless, as we construe this contract, in the light of the circumstances leading up to its execution, we consider that the amounts paid thereunder by way of a credit of $3 to the Transit Company on all coal shipped were payments on a loan, or, as the respondent stated in the deficiency letter, they constituted a " reduction of a liability." The fact that the contract did not provide any method for payment in case sufficient coal was not shipped to make up the amount of $62,724.02 at the rate of $3 per car, does not change the essential character of the transaction.

The contract between the petitioner and the Transit Company was a separate transaction from that between petitioner and the Railroad, and the fact that the petitioner might not receive reimbursement from the Railroad does not have any effect on the transaction between the petitioner and the Transit Company. Regardless of whether the petitioner was reimbursed by the Railroad for the entire amount advanced for the construction of the track, it was still obligated to repay the Transit Company for the amounts loaned to it.

*Judgment will be entered for the respondent.*